**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LUIS DOROTEO LUNA,<br><br>Petitioner,<br><br>v.<br><br>JAMISON, J.L, Warden, FDC Philadelphia, *et al.*,<br><br>Respondents. | : | CIVIL ACTION<br><br>No. 26-cv-7492-JMY |

**MEMORANDUM**

**Younge, J.** **November 6, 2026**

Luis Doroteo Luna, a Mexican national presently detained at the Federal Detention Center in Philadelphia ("FDC"), brings this habeas petition seeking release from federal custody. For the following reasons, Luna's petition is **GRANTED**.

## I. BACKGROUND

### A. Facts

Luis Doroteo Luna was born in Mexico. (ECF No. 16 ¶ 22). He arrived in the United States at age 15, and has lived in Norristown, Pennsylvania, for approximately five years. (*Id.* ¶ 19). He works in construction with his uncle, and has no criminal history. (*Id.*).

On September 25, 2026, around 7:30 a.m., Luna was getting ready to go to work. He was sitting in a truck parked near his home with his father and uncle when several ICE agents approached. (*Id.* ¶ 21). Without asking him any questions or presenting him with a warrant, the

agents handcuffed him and took him to an ICE field office for processing. (*Id.*). There, the agents processed him as a noncitizen before taking him to the FDC. (*Id.* ¶ 22). As part of his processing in Philadelphia, ICE issued an I-200 warrant for his arrest. (ECF No. 20-4).

### B. Procedural History

Luna filed a *pro se* habeas petition with this Court on September 28, 2026. (ECF No. 1). The following day, the Court ordered the Government to show cause as to why the petition should not be granted, and also ordered the Government not to transfer Luna outside the Eastern District of Pennsylvania during the pendency of Luna's petition. (ECF No. 4). The Government responded to Luna's petition on October 2, 2026—but on October 4, violated the Court's order by transferring Luna to the Moshannon Valley ICE Processing Center in Philipsburg, Pennsylvania, outside of the Eastern District. (ECF Nos. 7, 9). Luna was transferred back to the FDC in Philadelphia on October 6. (ECF No. 19).

The Court appointed Claudia Flores of the Federal Community Defenders' Office to serve as Luna's counsel on October 6, 2026. (ECF No. 11). Through Ms. Flores, Luna filed an amended habeas petition on October 9, 2026. (ECF No. 16). The Government responded on October 16, and Luna filed a reply with the Court's leave on October 20. (ECF Nos. 20–23).

## II. LEGAL STANDARD

28 U.S.C. § 2241 confers federal courts with jurisdiction to review the legality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Under § 2241, a petitioner is entitled to relief if he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The burden is on the petitioner to show that his or her confinement is unlawful. See *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III. DISCUSSION

The Government acknowledges that it detained Luna under 8 U.S.C. § 1226(a). That statute allows the Attorney General to "arrest[ ] and detain[ ]" a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States." But such arrests can only be made under a valid warrant that has been issued before a noncitizen is detained. *Sagbay v. Jamison*, No. CV 26-7265, 2026 WL 2875765, at *5 (E.D. Pa. Sept. 24, 2026). And under federal regulations, an initial determination of custody under § 1226(a) "requires an individualized determination as to . . . whether the noncitizen is a 'danger to property or persons' and is 'likely to appear for any future proceeding.'" *Regalado-Nauta v. Jamison*, 2026 WL 2740528 at *3 (E.D. Pa. Sep. 16, 2026) (cleaned up) (*citing Lopez Benitez v. Francis*, 795 F. Supp.3d 475, 492–93 (S.D.N.Y. Aug. 13, 2025)). Here, ICE had no such warrant and made no such individualized determination.

### A. Warrant

Our analysis must begin with an examination of the warrant itself because the plain language of § 1226(a) allows detention of noncitizens only "[o]n a warrant issued by the Attorney General." Stated differently, § 1226(a) "is not even triggered unless an arrest warrant is issued . . . If the [noncitizen] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested [noncitizen]' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023).

As Luna points out, the Government's own filings indicate that Luna was not arrested on a warrant. The Government's proffered I-200 warrant was served on Mr. Luna in Philadelphia at an unspecified time on September 25, 2026. (ECF No. 20-4). But ICE's record of Luna's arrest indicates that he was arrested in Norristown, not Philadelphia, and the Government proffers no additional information that would allow the Court to conclude that the warrant was issued before

Luna's arrest at approximately 7:30 a.m. (ECF No. 20-2). Even if it were, such a warrant would be invalid under the Government's own regulations allowing the issuance of an I-200 warrant only *after* the issuance of an I-213 Notice to Appear—which, in Luna's case, is timestamped more than five hours after his arrest. 8 C.F.R. § 236.1; ECF No. 13-2.

The Court disagrees with some that the time of issuance of the warrant is immaterial. On the contrary, the time of issuance of the warrant makes all the difference in detentions under § 1226(a): a noncitizen plainly cannot be "arrested and detained" "[o]n a warrant" if such warrant does not exist at the time of his arrest and detention. 8 U.S.C. § 1226(a).

**B. Individualized Determination**

To be sure, § 1226(a) "vests broad authority to arrest and detain noncitizens." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 492 (S.D.N.Y. 2025). But as numerous Courts in this district have recognized, that detention decision must be made pursuant to an individualized determination that the noncitizen is not a flight risk or a danger to the community. *See, e.g.*, *Dos Reis v. McShane*, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026) (*citing Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 493 (S.D.N.Y. 2025)).

No such determination took place here. The Government argues that ICE "accurately determin[ed] that [Luna] was present in the United States without lawful status." (ECF No. 20 at 14). But that is not individualized, because it merely reiterates the generalized category under which ICE detained Luna; and it is not a determination of the factors ICE was required to assess, namely Luna's risk of flight and danger to the community. Further review of ICE's arrest record reveals no other facts indicating that detention was assessed on these grounds. (ECF No. 20-2).

### C. Due Process

"In the civil immigration detention context, due process requires procedures reasonably calculated to avoid erroneous deprivation of liberty." *Dos Reis v. McShane*, 2026 WL 1746649, at *5 (E.D. Pa. June 17, 2026) (*citing Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976). The three-factor *Mathews* test balances "[1] the private interest that will be affected by the official action; [2] the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; [and 3] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

The first *Mathews* factor indisputably favors Luna. Physical detention "lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Likewise, the second factor favors Luna. Warrantless arrest where warrants are required risks erroneous detention because it removes the key requirement of "forethought and deliberation," as well as incentivizing post-hoc rationalizations for potentially unjustified arrests. *Tabora-Brizuela v. Mullin*, 2026 WL 2908095, at *4 (E.D. Pa. Sept. 28, 2026). And failing to individually determine whether detention is merited clearly risks the erroneous detention of individuals where it is *not* merited. *De Los Santos Medina v. Jamison*, 2026 WL 2742071 at *6 (Sep. 16, 2026).

The third factor is a closer call, but ultimately weighs in Luna's favor as well. The Government is correct that "the federal government has an important interest in immigration enforcement and public safety." (ECF No. 20 at 12). But its interest is significantly curtailed where, as here, it violates its own statutes and regulations. *See Marshall v. Lansing*, 839 F. 2d 933, 943 (3d Cir. 1988). Luna's arrest therefore violated his right to due process under the Fifth Amendment.

### D. Exhaustion

"In general, [a petitioner] must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241." *Pinet v. Holt*, 316 F. App'x 169, 171 (3d Cir. 2009) (per curiam). But exhaustion is not required where it would be futile. *See Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010).

It would be futile here. First, Luna's administrative remedies extend to a hearing before an immigration judge who would review Luna's custody determination. But as explained, there is no valid custody determination to review, since ICE failed to make the type of individualized determination that it now asks Luna to administratively challenge. *See Torres Guevara v. Warden*, 2026 WL 2838542, at *3 (E.D. Pa. Sept. 22, 2026). And "[a] later bond hearing does not necessarily cure the alleged constitutional violation that preceded it," since the bond hearing review "assumes that a valid custody determination was made in the first instance." *Dos Reis*, 2026 WL 1746649 at *3; *Gopie v. Lyons*, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

## IV. CONCLUSION

For the foregoing reasons, the petition is **GRANTED**. An appropriate order follows.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ John Milton Younge*

**Judge John Milton Younge**